IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIEN M. SCHLAGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-557 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 13 |
| JOHN WETZEL *SECRETARY OF THE DEPARTMENT OF CORRECTIONS (OFFICIAL AND INDIVIDUAL CAPACITY)* and JOHN/JANE DOE *MAILROOM EMPLOYEE AT SCI FAYETTE (OFFICIAL AND INDIVIDUAL CAPACITY)*, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Damien M. Schlager ("Plaintiff") has filed a motion that seeks an exception to the Pennsylvania Department of Corrections' ("DOC") inmate policy for mail sent to him by Defendants' counsel. ECF No. 13. In the alternative, Plaintiff seeks leniency for all filing deadlines to account for additional delivery time experienced due to DOC's mail policy. For the following reasons, Plaintiff's motion is denied.

DOC's inmate mail policy distinguishes between "privileged" and "non-privileged" mail.[1] Privileged mail includes mail from an inmate's attorney, mail from a court, and "[m]ail from an elected or appointed federal, state, or local official who has sought and obtained a control number issued by the Department's Office of Chief Counsel.... Not all correspondence between an inmate and elected or appointed federal, state, or local official will require privileged correspondence

---

[1] See DC-ADM 803 §1.A.3,
https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf

processing. *Control numbers will only be issued when the underlying matter involves matters related to a confidential investigation process or similar concerns*." See DC-ADM 803 – Glossary of Terms (emphasis added). Under DC-ADM 803, privileged legal mail is delivered directly to an inmate's facility. The presence of a control number on the envelope is how prison officials determine that the mail is privileged and must be opened in the inmate's presence. Non-privileged mail is all other mail.

DOC policy requires non-privileged mail to be forwarded to a contracted central incoming inmate mail processing center.[2] Mail is scanned and electronically delivered to the inmate's facility and then downloaded and printed by facility staff. The printed copies are delivered to the inmate. See DC-ADM 803 §1.C.

Plaintiff states that mail from opposing counsel should not be subject to the policy for non-privileged mail due to inherent delays receiving mail that has been diverted for processing that will impede litigation of this matter. Thus, Plaintiff asks the Court to order Defendants' counsel to obtain a control number and to use the privileged mail process.  ECF No. 13.

The Court sympathizes with Plaintiff's concerns regarding potential mail delays, but the Court declines to direct a change in prison mail policy.  Mail from Defendants' counsel does not involve a confidential matter given the public availability of the docket. Thus, the mail at issue does not fall within the definition of "privileged mail." The United States Court of Appeals for the Third Circuit has considered and rejected challenges to the policy which were determined to be based upon legitimate institutional safety concerns. See Pelino v. Wetzel, No. 21-1363, 2022 WL 1239050, at *1 (3d Cir. Apr. 27, 2022) (rejecting First and Fourteenth Amendment liberty and due

---

[2] See DC-ADM 803 §1.A.3,
https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf

process challenges to mail policy implemented "after correctional staff were purportedly exposed to drug-soaked mail and became ill"). Considering the "intractable problems of prison administration," Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995), the Court will not exercise its discretion to order a change in prison policy in this instance.

Going forward, should Plaintiff need an extension of time to file a specific motion or response because of a mail delivery delay, he may file a short motion requesting an extension of time. This Court routinely grants such timely requests.

Accordingly, this 20th day of September, 2022, IT IS HEREBY ORDERED that upon consideration of Plaintiff's Motion to Advise the Court of Mailing Situation, ECF No. 13, and the relief requested therein, and for the reasons set forth above, Plaintiff's Motion is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record

      Damien M. Schlager
      GN-8618
      SCI Fayette
      48 Overlook Drive
      LaBelle, PA 15450