IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN M. SCHLAGER, | ) |
|        Petitioner, | ) |
| vs. | ) Civil No. 22-cv-557 |
| JOHN WETZEL, *et al.*, | ) |
|        Respondents. | ) |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. On January 8, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff Damien M. Schlager's Motion for Summary Judgment be granted in part and denied in part and that Defendant John Wetzel's Motion for Summary Judgment be granted in part and denied in part. ECF No. 56. The parties were informed that objections to the Report and Recommendation were due by January 22, 2024, for the electronically registered Defendants, and by January 25, 2024, for the non-electronically registered party Plaintiff. Plaintiff's Objections were filed on January 19, 2024. ECF No. 57. Defendant filed Objections on January 22, 2024. ECF No. 58. Each party filed a Response to the other party's Objections. ECF Nos. 62 & 63.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recommended that Mr. Schlager's Motion for Summary Judgment be granted as to his procedural due process claim (with a nominal damages award of $1.00) and denied as to claims for compensatory damages, punitive damages, and injunctive relief.  The Magistrate Judge explained that her recommendation was based on the fact that the prison did not provide notice to Mr. Schlager that his mail had been rejected as required under Third Circuit precedent.  The Magistrate Judge also recommended that the Defendant's Motion for Summary Judgment be denied as to Mr. Schlager's procedural due process claim and granted as to any First Amendment access to court claim.  The parties Object to the Magistrate Judge's Report and Recommendation as to Mr. Schlager's procedural due process claim and award of damages.

Defendant Wetzel argues that he is entitled to summary judgment on the procedural due process claim because Mr. Schlager had notice, although not from the prison, that his mail was rejected and he had an opportunity to be heard.  The Objection will be overruled.  The Third Circuit in *Vogt v. Wetzel* clearly held that "*prisons* must notify inmates when their incoming mail is rejected."  8 F.4th 182, 184 (3d Cir. 2021) (emphasis added).  A similar argument was presented by the defendants in *Butler v. Little*, No. 1:22-CV-00289-RAL, 2024 WL 450033 (W.D. Pa. Feb. 6, 2024).  Butler's mail (sent from the Pennsylvania Superior Court) was rejected without notice from the prison.  Through his own initiative Butler eventually discovered that his mail had been rejected.  Magistrate Judge Lanzillo persuasively explains why the defendants' argument is contrary to the notion of notice in compliance with Constitutional due process as follows:

2

> [B]ecause Butler initiated his own investigation and subsequently learned of the rejection, the Defendants contend he had notice of the rejected mail. In essence, Defendants argue that Butler's efforts that disclosed their failure to give notice is the equivalent of the prison having proactively provided timely notice. This argument fundamentally misconstrues the concept of providing notice. . . . Our Court of Appeals has [] concluded that it is the prison's responsibility to provide notice; not the inmate's responsibility to investigate. *See Mojica Carrion v. Wetzel*, 2023 WL 4534597, at *7 (M.D. Pa. July 13, 2023) ("The Third Circuit agreed and held that 'prisons must notify inmates when their incoming mail is rejected.'") (citing *Vogt*, 8 F.4th at 184) (emphasis added). And in *Vogt*, the prisoner did conduct his own investigation, contacting the United States Postal Service in search of another piece of mail, only to learn by happenstance of the rejected mail that was the subject of the lawsuit. 8 F.4th at 184. Nonetheless, the Court of Appeals concluded that Vogt was entitled to proactive notice from officials at the institution for the rejection of his mail. *Id.*, at 164. *Cf. Coe* [*v. Zook*,] 2020 WL 5205783 [(E.D. Va. Jan. 31, 2020)].

*Butler*, No. 1:22-CV-00289-RAL, 2024 WL 450033, at *3. Magistrate Judge Lanzillo further explained that the "happenstance" of an inmate discovering that the prison rejected his mail "does not excuse the due process violation attendant [to the prison's] failure to provide notice." *Id.* Such reasoning applies equally to Mr. Whitefield's case. Therefore, based on the reasons stated in Magistrate Judge Kelly's Report, the reasoning stated in the *Butler* case, as well as Third Circuit precedent, the Court overrules Defendants' Objection.

Mr. Schlager objects to the Magistrate Judge's recommendation that he be awarded only nominal damages of $1.00 on his due process claim, and that his request for compensatory damages, punitive damages, and injunctive relief be denied. Mr. Schlager presents a forceful, but ultimately unavailing, argument in favor of awarding compensatory damages, punitive damages, and injunctive relief. Significantly, Mr. Schlager does not address, much less rebut, the legal reasoning offered by the Magistrate Judge in support of denying compensatory damages, punitive damages, and injunctive relief. R. & R. at 16-19. Mr. Schlager's other arguments in support of his Objection do not undermine the report or recommendation of the Magistrate Judge with respect to damages. Thus, the Objection is overruled.

Accordingly, the following Order is entered.

## ORDER

AND NOW, this 20th day of February 2024, IT IS ORDERED that the Report and Recommendation, ECF No. 56, filed on January 8, 2024, is adopted as the Opinion of this Court, as supplemented herein.

IT IS FURTHER ORDERED as follows:

### I.

Damien M. Schlager's Motion for Summary Judgment, ECF No. 37, is GRANTED in part DENIED in part.

Mr. Schlager's Motion is granted as to his procedural due process claim. Mr. Schlager is awarded nominal damages in the amount of $1.00. Judgment on said claim will be entered by separate Order.

Mr. Schlager's Motion is denied to the extent that he sets forth claims for compensatory damages, punitive damages, and injunctive relief.

### II.

Defendant's Motion for Summary Judgment, ECF No. 47, is GRANTED in part DENIED in part.

Defendant's Motion is denied as to Mr. Schlager's procedural due process claim.

Defendant's Motion is granted as to any First Amendment access to court claim. Any such claims are hereby dismissed.

III.

As recommended by the Magistrate Judge, and not objected to by either party, the Court hereby dismisses all claims against defendants Jon/Jane Doe Mailroom Employees at SCI Fayette pursuant to Federal Rule of Civil Procedure 4(m).

Finally, as recommended by the Magistrate Judge, and not objected to by either party the Court hereby dismisses any claim asserted under 42 U.S.C. § 1985 and § 1986.

A final Judgment will be entered by separate Order.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Damien M. Schlager, pro se
GN-8618
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450