IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN M. SCHLAGER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Civil No. 22-cv-557 |
| JOHN WETZEL, *et al.*, | ) ) ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

Before the Court is Damien M. Schlager's Motion for Reconsideration of February 20, 2024 Order/Decision. ECF No. 67. Mr. Schlager seeks reconsideration of the Court's Memorandum Order (ECF No. 64) adopting the Magistrate Judge's January 8, 2024 Report and Recommendation (ECF No. 56) as the Opinion of the Court and the Court's accompanying Rule 58 Judgment Order (ECF No. 65).

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." *Prusky v. Phoenix Life Ins. Co.*, 2003 WL 22597610, *2 (E.D. Pa. Nov 04, 2003), citing *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." *Haymond v. Lundy*, 205 F.Supp.2d 390, 395 (E.D. Pa. 2002).

Mr. Schlager has not met the standard for reconsideration in that he has not shown a need to correct a clear error of law or fact, a need to prevent manifest injustice, an intervening change in law, or newly discovered evidence. Mr. Schlager asserts that reconsideration is warranted because the Court erred in not fully taking into account his objections and his arguments in support of his objections, primarily, but not exclusively, as said objections and arguments relate to damages and injunctive relief. However, the Court did consider all of Mr. Schlager's objections and arguments in resolving his objections to the Report and Recommendations, even though not every argument asserted by Mr. Schlager was specifically mentioned by the Court.

Moreover, none of the arguments presented by Mr. Schlager in his Motion for Reconsideration meet the standard for reconsideration. As an example, Mr. Schlager specifically argues that the Court erred in its statement that, "Mr. Schlager does not address, much less rebut, the legal reasoning offered by the Magistrate Judge in support of denying compensatory damages, punitive damages, and injunctive relief." Mot. Recons. at 1-2 (quoting Mem. Order, ECF No. 64). Mr. Schlager goes on to say that he "*did* object to the Magistrate's R & R and provided just reason for the award of punitive and compensatory damages." Mot. Recons. at 2 (emphasis in original). Mr. Schlager's premise is incorrect. The Court was aware of Mr. Schlager's objections and arguments, however, the Court concluded that neither the objections nor the arguments addressed the Magistrate Judge's legal reasoning. Mr. Schlager offered his own arguments in support of an award of compensatory and punitive damages and injunctive relief, but he did not overcome the legal reasoning stated by the Magistrate Judge in support of denying an award of compensatory damages, punitive damages, and injunctive relief. The Court therefore concludes that Mr. Schlager's Motion for Reconsideration is an improper attempt "to reargue or relitigate matters already decided." *Haymond*, 205 F.Supp.2d at 395.

Accordingly, the following Order is entered.

And NOW, this 13th day of March 2024, it is ORDERED that Damien M. Schlager's Motion for Reconsideration of February 20, 2024 Order/Decision (ECF No. 67) is DENIED.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Damien M. Schlager, pro se
GN-8618
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450