IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN M. SCHLAGER, | ) |
|        Petitioner, | ) |
| vs. | ) Civil No. 22-cv-557 |
| JOHN WETZEL. | ) |
|        Respondents. | ) |

### Opinion and Order

Presently before the Court is Plaintiff Damien M. Schlager's Motion for Fees and Expenses as Prevailing Party. ECF No. 66. Defendant John Wetzel has filed a Response to the Motion. ECF No. 70. On February 20, 2024, this Court entered judgment as a matter of law in favor of Mr. Schlager and against Defendant Wetzel on Mr. Schlager's procedural due process claim. Order, Feb. 20, 2024, ECF No. 65. Mr. Schlager was awarded $1.00 in damages. *Id.* Judgment as a matter of law was also entered in favor of Defendant Wetzel as to any First Amendment access to court claim asserted by Mr. Schlager. *Id.* Mr. Schlager now requests reimbursement of attorney's fees and a variety of litigation-related costs pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988.

    **I.**    **Attorney's Fees**

Mr. Schlager requests attorney's fees in the amount of $7,500.00, consisting of 75 hours of "research, writing, typing, and document preparation," at a rate of $100.00 per hour. Pltf. Mot. at 3-4. However, a non-lawyer, proceeding pro se on behalf of himself, is not entitled to attorney's fees. *Vaughn v. Pitts*, 679 F.2d 311, 312 (3d Cir. 1982) (42 U.S.C. § 1988 "does not entitle a non-lawyer, pro se litigant to attorney's fees"). Mr. Schlager, relying on two out-of-

circuit cases, argues that attorney's fees may be awarded to a non-lawyer, pro se litigant. Pltf. Mot. at 3-4 (citing *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790 (11th Cir. 2003) and *Scheider v. Colegio de Abogados de P.R.*, 187 F.3rd 30 (1st. Cir. 1999)). As correctly explained by Defendant in his Response, however, neither of the cases support an award of attorney's fees to a non-lawyer, pro se litigant such as Mr. Schlager. The *Jackson* and *Scheider* cases concern a lawyer representing himself (and is therefore proceeding pro se), and a lawyer representing himself and a non-lawyer, co-litigant. Deft. Resp. at 4-5. Here, Mr. Schlager is a non-lawyer, pro se litigant, and he is thus not entitled to attorney's fees under § 1988. Mr. Schlager's request for reimbursement of attorney's fees is denied.

## II.     Costs

A prevailing party in a civil rights case is "entitled to recover reasonable costs associated with litigating their claims, provided that the costs are necessary and properly documented." *Knox v. PPG Indus., Inc.*, No. 2:15-CV-01434-BRW, 2019 WL 13178868, at *1 (W.D. Pa. July 30, 2019). "'Compensation [of costs] is appropriate if the incurred costs are not unreasonable, unnecessary, or inadequately documented.'" *Id.* (quoting *Becker v. ARCO Chem. Co.*, 15 F. Supp. 2d 621, 635 (E.D. Pa. 1998)). Federal Rule 54(d)(1) limits the type of costs, that a prevailing party may obtain, to those costs set forth in Section 1920 of Title 28 of the United States Code. Said costs are:

(1) Fees of the clerk and marshal,
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Defendant argues that, because both parties partially prevailed, the Court should exercise its discretion and order that each party bear their own costs. In light of the claims at issue and the relative equities of the case; Plaintiff is entitled to an award of costs as discussed herein.

Mr. Schlager has requested reimbursement of fees that are not enumerated within section 1920, and thus such fees are not recoverable. *See Abrams v. Lightolier, Inc*, 50 F.3d 1204, 1223-24 (3d Cir. 1995) (recognizing that the only federal statute or rule a federal court must look to when "asked to award litigation expenses" consist of those expenses "enumerated as section 1920 costs"). Mr. Schlager is therefore not entitled to the cost of typing ribbons, envelopes, postage, or the claimed costs for typing documents. Such costs are denied as not recoverable under § 1920. The remaining costs for which Mr. Schlager seeks reimbursement are the filing fee of $402.00 and copying costs of $95.40. The filing fee of $ 402.00 is awarded in full.[1] The cost of copies, at a rate of ten cents per copy, will be awarded in the reduced amount of $43.80, as explained below.

The costs of copies may be recovered "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As for reimbursement of multiple copies, it was only necessary for Mr. Schlager to file one copy of his pleadings, as explained in the Service Order:

> IT IS FURTHER ORDERED that, after the Complaint is served, the plaintiff does NOT have to serve a copy of any document he/she files with the Court on any defendant that is a registered CM/ECF user. The plaintiff shall file only the original of any pleading or other document with the Clerk of Court. Upon the filing of a pleading or other document, the Court's ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with that case. Transmission of the Notice of Electronic Filing constitutes service of the filed document.

---

[1] The Court notes that Mr. Schlager paid the entire filing fee on June 1, 2022. See ECF No. 3.

Service Order, July 7, 2022, at 2, ECF No. 8.  Defendant in this case is a registered CM/ECF user.  Mr. Schlager did not have to make a service copy for any pleading he filed; and, because such a copy was not necessary, the request for reimbursement of service copies is denied.

The Court does find, however, that it is reasonable for a pro se litigant to make a copy of their own pleadings in order to maintain a full record of the litigation for reference.  The Court finds that one copy of each of the pro se litigant's own pleadings is "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  Thus, Mr. Schlager is properly reimbursed for two copies of any necessary and properly documented filed pleadings.  Mr. Schlager's request for fees for more than two copies of necessary pleadings is denied.

Mr. Schlager submitted a numbered list of thirty-one items for which he seeks to obtain copying fees from Defendant.  The Court has reviewed each of Mr. Schlager's requests for copy fee reimbursement, and finds that the following numbered pleadings were necessary and properly documented: 1, 2, 4-7, 19-24, 26-34.  *See* Pltf. Mot at 1-2.  Fees will be awarded for two copies of such pleadings.  The total pages for said copies are 436 pages.  In addition, item 3, identified as a discovery request to counsel, dated November 13, 2022, "per Court Order," appears to be a proper and necessary pleading.  Mr. Schlager does not state the number of pages for this document.  Reimbursement for one page of the pleading, plus one copy, will be awarded.  Adding said two pages to the 436 pages already approved, equals 438 pages.  Thus, with these two pages, the total reimbursable copies are 438 pages.  Said pages, reimbursed at ten cents per page, results in an award of $43.80 for copies.  No further copy fees are awarded, as they are either not subject to reimbursement or they are not sufficiently documented.

Based on the foregoing; the total amount of allowable costs is $445.80.  An appropriate Order follows.

**ORDER**

And NOW, this 24th day of April 2024, it is ORDERED that Damien M. Schlager's Motion for Fees and Expenses as Prevailing Party, ECF No. 66, is GRANTED to the extent that Plaintiff shall be awarded costs, chargeable to Defendant under Federal Rule Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, in the total amount of $ 445.80. All other costs and attorney's fees sought by Plaintiff are DENIED.

              __s/*Marilyn J. Horan*_____
              Marilyn J. Horan
              United States District Court Judge

Damien M. Schlager, pro se
GN-8618
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450